■ PAUL E. MOLLER, an Infant, by GWEN G. MOLLER, His Mother and Natural Guardian, et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF ALBANY et al., Appellants.— HERLIHY, J. P. Appeal from an order of Special Term, Albany County, entered on September 9, 1966, denying the appellants' motion to dismiss the amended complaint for failure to state a cause of action. The issue as stated by the appellant is whether or not the respondents' amended complaint alleges "all the elements of any recognizable cause of action in any of the six causes of action set forth [therein]". While the amended complaint is deficient in many respects, the Special Term was correct in denying the relief sought herein which is the dismissal of the complaint for failure to state a cause of action. As the proof develops at the trial, the court will be in a position to determine whether the several causes of action are proven and to reappraise the pleadings. Order affirmed, with costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J. P.

■ In the Matter of the Claim of MAX LANG, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board holding claimant ineligible to receive benefits effective July 4, 1966 through July 31, 1966 on the ground that he was not totally unemployed (Labor Law, § 522), charging him with an over payment of $112.50 ruled to be recoverable and holding that claimant willfully made false statements to obtain benefits for which a forfeiture of 96 effective days was imposed (Labor Law, § 594). In each week in July of 1966 claimant admittedly worked at least four days a week as a doorman for the employer at its theatre on a part-time basis and yet reported only that he worked three days during the statutory week ending July 10, 1966 and one day per week for the remaining three weeks involved. Of course, claimant was not entitled to benefits (Labor Law, §§ 522, 523) and the benefits paid were clearly recoverable. Moreover, whether the necessary "element of *scienter* and knowledge of falsity" is present in a given case is factual and therefore for the board to determine (*Matter of Bailey* [*Catherwood*], 18 A D 2d 727, 728). On the instant record we can find no basis to disturb the board's determination and, accordingly, it must be affirmed (*Matter of Soroka* [*Catherwood*], 24 A D 2d 920). Decision affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.